Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **WILLIAM RIVERA MARTINEZ**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | KLRA202400448 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Confinado Núm:<br>**P676-11667**<br><br>Sobre: **Posposición Proyecto para la Pre Reinserción a la Libre Comunidad y Solicitud de Vista del Comité de Víctimas** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Comparece ante nos William Rivera Martínez, en adelante, Rivera Martínez o recurrente, solicitando que revisemos la decisión notificada el 13 de junio de 2024, del Departamento de Corrección y Rehabilitación, en adelante, DCR, de posponer un asunto evaluativo a su favor.

Por los fundamentos que expondremos a continuación, *desestimamos el recurso.*

**I.**

Según surge del recurso, el recurrente está cumpliendo una sentencia por Asesinato en Primer Grado desde el año 2005. Alega, además, que está confinado desde el año 2004, incluyendo la detención preventiva, por lo que lleva más de veinte (20) años en la cárcel.

Número Identificador
SEN2024_____

Rivera Martínez nos indica que en el mes de agosto de 2023 fue referido por la Técnica Sociopenal para la consideración del Programa de Pre-reinserción a la Libre Comunidad. Por ello, el 12 de enero de 2024, mediante correo electrónico, el recurrente envió su solicitud para ser considerado al referido programa, a la Supervisora de Sociales en la institución carcelaria de Ponce.[1]

Según el recurso de Rivera Martínez, el 10 de abril de 2024, el Comité de Clasificación y Tratamiento de Ponce Principal refirió al recurrente para el aludido programa, con el informe y la documentación requerida. Sin embargo, el 13 de junio de 2024, el DCR envió una carta dirigida a Rivera Martínez indicándole que *posponía* la toma de una decisión, ya que su solicitud fue referida "para evaluación adicional para cumplir con lo dispuesto en el Plan de Reorganización #2-2011 en sus Artículos 17, 18 y 19 sobre los Derechos de las Víctimas de Delitos en los procesos relacionados con los Programas de Desvíos y Comunitarios".[2]

Inconforme, el 2 de julio de 2024, recurrente solicitó al DCR que reconsiderara la posposición de su determinación, ya que, por no tratarse de un programa de desvío, no es necesaria la evaluación del Comité de Víctimas.[3] Transcurridos los quince (15) días sin que la recurrida acogiera la reconsideración, Rivera Martínez recurrió ante esta Curia mediante una "Solicitud de Revisión Judicial". En su recurso, plantea los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL DCR, EN POSPONER EL CASO INDEFINIDAMENTE AL APLICAR LOS ARTÍCULOS 17, 18 Y 19 DEL PLAN DE REORGANIZACIÓN, SUPRA, CUANDO EL PROGRAMA DE PRE-REINSERCIÓN NO CONSTITUYE UN PROGRAMA DE DESVÍO, SINO UN PROGRAMA DE TRATAMIENTO.

---

[1] Apéndice del recurso, págs. 2-7.
[2] *Id.* pág. 1.
[3] *Id.* pág. 10.

**SEGUNDO ERROR:** ERRÓ EL DCR, EN POSPONER EL CASO INDEFINIDAMENTE, CUANDO EL COMITÉ DE VÍCTIMAS, LLEVA AÑOS QUE NO ESTÁ CONSTITUIDO.

Mediante *"Resolución"* del 20 de agosto de 2024, ordenamos a la recurrida a presentar su posición en cuanto al recurso, conforme a lo dispuesto en la Regla 63 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 63, en o antes del 11 de septiembre de 2024. En esa misma fecha, el DCR presentó su "Escrito en Cumplimiento de Resolución y Solicitud de Desestimación". Con el beneficio de ambos escritos, procedemos a expresarnos.

## II.

### A. Jurisdicción

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *R & B Power Inc. v. Junta Subastas ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y

proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, a iniciativa propia o *a petición de parte*, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada regla dispone que este Tribunal, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

> *(1) que el Tribunal de Apelaciones carece de jurisdicción;*
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.

### B. Revisión de Agencias Administrativas

Sabido es, que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*,

2024 TSPR 29, 213 DPR ___ (2024); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 88-89 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. Id.; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012).

El Art. 4.006, de la Ley de la Judicatura de 2003, 4 LPRA sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este Foro conocerá mediante recurso de revisión judicial, las decisiones, ***órdenes y resoluciones finales*** de organismos o agencias administrativas. *AAA v. UIA,* 200 DPR 903, 910-911 (2018); *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 543 (2006); *Procuradora Paciente v. MCS,* 163 DPR 21, 33-34 (2004).

Además, la Sec. 4.2 de la LPAUG, supra, sec. 9672, también establece que la revisión administrativa ante el Tribunal de Apelaciones ***se hará respecto a las órdenes o resoluciones finales***, luego de que el recurrente haya agotado "todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente". Es decir, no serán revisables directamente a este Tribunal las órdenes o resoluciones interlocutorias de una agencia, esto es, aquellas que se emitan durante los procesos administrativos que se desarrollan por etapas, y no sean finales. A esos efectos, esta misma sección provee que la disposición interlocutoria de la agencia ***podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.***

Por su parte, el Tribunal Supremo de Puerto Rico ha establecido que para que una orden emitida por una agencia pueda ser revisada ante el Tribunal de Apelaciones, deben cumplirse dos requisitos: (i) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia y (ii) que la resolución sea final y no interlocutoria. *Depto. Educ. v. Sindicato Puertorriqueño*, supra, pág. 543; *Procuradora Paciente v. MCS,* supra, a las págs. 34-35. Se entiende como final la orden o resolución emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935 (2000). Nuestro Alto Foro lo ha descrito como una orden o resolución que "le ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes". *Crespo Claudio v. O.E.G.*, 173 DPR 804, 812-813 (2008); *Comisionado Seguros v. Universal,* 167 DPR 21, 28-29 (2006).

### III.

Mediante la carta que notificó el 13 de junio de 2024, el DCR informó al recurrente que estaría haciendo una *evaluación adicional*, para entonces tomar una determinación con relación a su solicitud para el Programa de Pre-reinserción a la Libre Comunidad. Por ello, indicó que su determinación quedaría *pospuesta* hasta tanto culminaran sus esfuerzos ulteriores.

Lo cierto es que la decisión de posponer la adjudicación del asunto *no es equivalente a atender el mismo*. De hecho, es precisamente lo contrario. Justipreciamos que la carta remitida, de la cual recurre Rivera Martínez, no es más que una notificación interlocutoria de los procedimientos internos. La misma no cumple con los requisitos previamente esbozados para configurar una orden o resolución final administrativa. Por ello, el recurrente no tiene derecho a solicitar revisión de la misma.

## IV.

Por los fundamentos que anteceden, *desestimamos el recurso por falta de jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones